**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 19, 2023[1]
Date Decided: June 8, 2023

Badr Abdelhameed Dhia Jafar
CEO Cresent Enterprises
Headquarters Crescent House
P.O. Box 2222, Corniche Al Buhaira
Sharjah, United Arab Emirates

Brian M. Gottesman, Esquire
Gabell Beaver LLC
5811 Kennett Pike
Wilmington, DE 19807

Re: *Jafar v. Vatican Challenge 2017*, C.A. No. 2020-0151-SG

Dear Counsel:

What follows is my imposition of a partial final judgment against the Plaintiff, in favor of the movant, Alisa E. Moen, who served as a Court-appointed receiver in this matter.

Plaintiff Badr Abdelhameed Dhia Jafar initially brought this case as a books and records action under 6 *Del. C.* § 18-305.[2] A default judgment was entered against the Defendant, Vatican Challenge 2017, LLC, and the Plaintiff subsequently moved to enforce the judgment and for civil contempt.[3] I granted that motion and

---

[1] Oral argument in this matter was initially scheduled for May 22, 2023, but was continued due to issues with the mailing address provided by Mr. Jafar. *See* Letter to Litigants, May 19, 2023, Dkt. No. 104. For the reasons discussed below, I consider the matter fully submitted as of the date of that letter.

[2] *See* Verified Compl. Pursuant to 6. *Del. C.* § 18-305, Dkt. No. 1.

[3] Order Granting Pl.'s Mot. Default J., Dkt. No. 10; Pl.'s Mot. Enforce J. and for Civil Contempt, Dkt. No. 11.

appointed Plaintiff's proposed receiver, Ms. Moen (the "Receiver") to facilitate the judgement in favor of the Plaintiff.[4] A dispute subsequently arose over the Receiver's fees,[5] culminating in the receiver's motion for fees and costs on July 1, 2021.[6] Following a hearing, I entered an order directing the Defendant to pay the Receiver's fees and costs but reserving judgment on the issue of Plaintiff's liability for costs should Defendant fail to pay.[7]

After it appeared that the Defendant was judgment-proof, I issued a letter opinion requiring the Plaintiff to pay the Receiver's fees and costs, excluding fees on fees.[8] Plaintiff filed interlocutory and direct appeals, which were dismissed.[9] Plaintiff then dismissed his counsel and has proceeded *pro se* since November 2022.[10]

I will not repeat the findings and rationale behind assigning the costs of the Receiver to the Plaintiff; those are adequately set out in the letter opinion.[11] In short,

---

[4] Order Granting in Part and Denying in Part Pl.'s Mot. Enforce J. and for Civil Contempt, Dkt. No. 15; Order Appointing Alisa E. Moen as Receiver of Vatican Challenge 2017, LLC, Dkt. No. 18.

[5] Receiver A. Moen Letter to Vice Chancellor Glasscock, May 11, 2021, Dkt. No. 23.

[6] Receiver's Motion for Fees and Costs, Dkt. No. 25.

[7] Order Governing Receiver's Fees and Costs, Dkt. No. 39.

[8] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 365142, at *1 (Del. Ch. Feb. 8, 2022), Dkt. No. 59.

[9] Supreme Court Mandate, Dkt. No. 90.

[10] *See* Mot. Withdraw as Counsel to Pl. Badr Abdelhameed Dhia Jafar, Dkt. No. 86; Judicial Action Form, Dkt. No. 95; Letter from Brian Gottesman, Esq. to the Ct., Ex. A, Nov. 30, 2022, Dkt. No. 97.

[11] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 365142 (Del. Ch. Feb. 8, 2022), *clarified on denial of reargument*, 2022 WL 630371 (Del. Ch. Mar. 4, 2022), *and appeal dismissed sub nom. Moen v. Jafar*, 284 A.3d 1016 (Del. 2022).

the Receiver has performed services under an order of the Court, entered at Plaintiff's request, for the benefit of the Plaintiff, and she is entitled to compensation accordingly.

The Receiver filed the instant motion for partial final judgment under Rule 54(b) (the "Motion") on September 21, 2022, in which she seeks to make the previous order granting fees and costs enforceable.[12] Both parties have indicated to the Court that they consider the matter fully submitted.[13] After reviewing the parties' submissions, I have determined that the matter is appropriate for resolution without additional argument.

Rule 54(b) enables this Court, upon an express determination that there is "not just reason for delay," to direct the entry of a final judgment upon a subset of the claims or parties in an action.[14] This is a "discretionary power to afford a remedy in the infrequent harsh case"[15] and is an exception to the general policy disfavoring piecemeal adjudication and resulting appeals.[16] The moving party bears the burden

---

[12] Receiver's Mot. Partial Final J., Dkt. No. 89; Order Granting Receiver's Fees and Costs, Dkt. No. 75 (fee order).

[13] *See* Letter from Brian Gottesman Regarding Receiver's Mot. to Compel, Feb. 20, 2023, Dkt. No. 99 ("[t]he Receiver has nothing further to add"); Letter to the Ct. from Badr Abdulhameed Dhia Jafar, May 18, 2023, Dkt. No. 103 ("Plaintiff has made his points in his submissions . . . Plaintiff hopes these documents are sufficiently clear and nothing further is required of him").

[14] Ct. Ch. R. 54(b).

[15] *In re Explorer Pipeline Co.*, 2001 WL 1009302, at *2 (Del. Ch. Aug. 29, 2001) (quoting *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1 (Del. Ch. Sept. 26, 1989)).

[16] *See Emerald Partners v. Berlin*, 1996 WL 361510, at *3 (Del. Ch. June 25, 1996).

of demonstrating that no just reason for delay exists and that denial of the motion poses a danger of hardship or injustice.[17]

The Receiver argues in the Motion that there is no just reason for delay, as the Court has already relieved her of her duties as Receiver and made its final determination of her fees and costs.[18] In opposition, the Plaintiff argues that resolution of the Motion "should come only after the critical issues in [his case in chief] have been decided."[19] In his view, the Receiver's case is collateral to his action and should therefore come later in the order of operations.[20] Further, he contends that the Receiver failed to identify "any true 'hardship or injustice[.]'"[21]

The Receiver points out that, absent a partial final judgment, she cannot pursue collection efforts against the Parties, as the enforcement mechanisms contemplated in the Court's order on fees and costs are unlikely to motivate the Plaintiff.[22] Here, Plaintiff's submission repackages the same arguments he made in unsuccessful opposition to that same order on fees and costs.[23] As I have determined, the Receiver is entitled to compensation.

---

[17] *See In re Explorer Pipeline Co.*, 2001 WL 1009302, at *2 (citing *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1).

[18] Receiver's Mot. Partial Final Judgment 2-3, Dkt. No. 89.

[19] Letter from Brian Gottesman, Esq. to the Ct., Ex. A at 4, Nov. 30, 2022, Dkt. No. 97.

[20] *Id.* at Ex. A at 3-4.

[21] *Id.* at Ex. A at 5.

[22] Receiver's Mot. Partial Final Judgment 3-4, Dkt. No. 89.

[23] *Compare* Letter from Brian Gottesman, Esq. to the Ct., Ex. A at 3-5, Nov. 30, 2022, Dkt. No. 97 *with* Letter to Ct., from David A. Dorey, Aug. 30, 2021, Dkt. No. 36.

I find that there is no just reason for delay. This action, to paraphrase Plaintiff, is long in the tooth. The entry of a partial final judgment, counter to Plaintiff's arguments, would allow the Parties reasonable finality of the Receiver's action and allow the Parties to refocus their attentions to the merits of Plaintiff's case. Attempted enforcement via motions for contempt or sanctions would serve only to further draw out litigation that Plaintiff considers to be extraneous to his underlying action, and, I find, would not be in the interests of judicial or litigant economy. This is particularly the case given the difficulties that have arisen thus far from the Plaintiff representing himself *pro se*.[24] I further find that a partial final judgment reduces the hardship faced by the Receiver, a solo practitioner, in pursuing recompense for the duties she carried out reasonably and in good faith[25] at the request of both the Court and Plaintiff himself, duties that ended by Court order on September 3, 2021.[26]

---

[24] *See* Letter to the Ct. from Badr Abdulhameed Dhia Jafar, May 18, 2023, Dkt. No. 103 (claiming not to have received various filings mailed to the address he himself specified); Letter to the Ct. from Brian M. Gottesman, May 25, 2023, Dkt. No. 105 (detailing extensive efforts to serve Plaintiff through multiple channels); Resp't's Letter dated 5.31.23 re: Failure to receive Ct. Docs., Dkt. No. 107 (discussing service issues and an updated address); Letter to the Ct. from Brian M. Gottesman, Dkt. No. 108 (outlining further attempts to correspond with Plaintiff); Letter to the Ct. from Brian M. Gottesman, Dkt. No 109 (updating the court on service issues).
[25] *Jafar v. Vatican Challenge 2017, LLC*, 2022 WL 365142, at *4 (Del. Ch. Feb. 8, 2022), *clarified on denial of reargument*, 2022 WL 630371 (Del. Ch. Mar. 4, 2022), *and appeal dismissed sub nom. Moen v. Jafar*, 284 A.3d 1016 (Del. 2022).
[26] Order Governing Receiver's Fees and Costs, Dkt. No. 39; *See* Receiver's Preliminary Report, Dkt. No. 40.

Accordingly, the Receiver's motion for the entry of partial final judgment pursuant to Rule 54(b) is GRANTED. An order is attached.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| BADR ABDELHAMEED DHIA JAFAR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 2020-0151-SG ) |
| VATICAN CHALLENGE 2017, LLC, | ) ) |
| Defendant. | ) |

## ORDER

On this eighth day of June, 2023, the Court hereby grants the Receiver's Motion for Partial Final Judgment Pursuant to Court of Chancery Rule 54(b) for the reasons given in the accompanying Letter Opinion. The Court's Order Granting Receiver's Fees and Costs of April 26, 2022 is hereby entered as a partial final order under Court of Chancery Rule 54(b).

IT IS SO ORDERED.

/s/ Sam Glasscock III
Vice Chancellor